UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO "DANIEL" FLORES,
CONSTANTINO "FERNANDEZ" HERNANDEZ,
ENRIQUE HERNANDEZ, VALERIANO
"FERNANDO" SALVADOR, and ALEJANDRO
JIMENEZ, on behalf of themselves and others
similarly situated,

No. 11 CV 1531 (CM) (AJP)

**ORAL ARGUMENT
REQUESTED**

                          Plaintiffs,

            -against-

ANJOST CORP. d/b/a ZARO'S BAKERY, STUART
D. ZARO, and JOSEPH ZARO

                          Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION**

Michael J. Volpe, Esq.
**VENABLE LLP**
Rockefeller Center
1270 Avenue of the Americas
24th Floor
New York, NY 10020
(212) 307-5500 (tel.)
(212) 307-5598 (fax)

*Counsel for Defendants Anjost Corp,
d/b/a Zaro's Bakery, Stuart D. Zaro,
and Joseph Zaro*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................1

RELEVANT PROCEDURAL HISTORY ..............................................................................3

ARGUMENT ........................................................................................................................4

I.   CERTIFICATION MUST BE DENIED BECAUSE PLAINTIFFS'
     PURPORTED CLASS IS  NOT ASCERTAINABLE...........................................................6

II.  PLAINTIFFS HAVE NOT MET RULE 23'S REQUIREMENTS .......................................8

     A.   WITHOUT SHOWING COMMONALITY AND TYPICALITY, CLASS
          CERTIFICATION MUST BE DENIED .......................................................... 9

          i.    The Lack of Evidence Here Requires Denial of The Certification Motion .......... 10

          ii.   Unique Defenses Bar Class Certification ............................................... 13

          iii.  Disparate State Wage Laws Mandate Denial of Certification .............................. 14

          iv.   Plaintiff's Wage Statement Claim is Fundamentally Flawed ............................... 15

     B.   PLAINTIFFS HAVE NOT PRESENTED SUFFICIENT EVIDENCE OF
          NUMEROSITY ........................................................................................ 16

     C.   PROPOSED CLASS COUNSEL AND THE PUTATIVE CLASS
          REPRESENTATIVES ARE BOTH INADEQUATE ................................................ 18

          i.    Plaintiffs Are  Inadequate Class Representatives................................................. 18

          ii.   Plaintiffs' Counsel is Inadequate......................................................... 20

III. CLASS CERTIFICATION MUST BE DENIED BECAUSE
     PLAINTIFFS FAIL TO MEET RULE 23(b)(3)'S DEMANDING
     PREDOMINANCE REQUIREMENT........................................................................21

CONCLUSION.....................................................................................................................25

<u>**TABLE OF AUTHORITIES**</u>

<u>**Page (s)**</u>

**C**ASES

*Almeida v. Aguinaga*,
  500 F. Supp. 2d 366 (S.D.N.Y. 2007) .................................................................................23

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) .............................................................................................................21

*Ansari v. New York Univ.*,
  179 F.R.D. 112 (S.D.N.Y. 1998) ...........................................................................................5

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
  222 F.3d 52 (2d Cir. 2000) ..................................................................................................13

*Bano v. Union Carbide Corp.*,
  No. 99 Civ. 11329 (JFK) (HBP), 2005 U.S. Dist. LEXIS 32595
  (S.D.N.Y. Aug. 12, 2005) .......................................................................................................6

*Cabrera v. 211 Garage Corp.*,
  Nos. 05 CV 2272 (GBD), 07 CV 7313 (GBD),
  2008 WL 3927457 (S.D.N.Y. Aug. 25, 2008) ...............................................................4, 5, 9

*Chan v. Triple 8 Palace, Inc.*,
  No. 03 Civ. 6048 (GEL), 2006 WL 851749 (S.D.N.Y. Mar. 30, 2006) ...........................14, 24

*Cortes v. Foot Locker, Inc.*,
  No. 06 Civ. 1046 (AKH), 2011 WL 3047489 (S.D.N.Y. Apr. 7, 2011) ....................................5

*Darvin v. Int'l Harvester Co.*,
  610 F. Supp. 255 (S.D.N.Y. 1985) .......................................................................................19

*Dauphin v. Chestnut Ridge Transp. Inc.*,
  No. 06 Civ. 2730 (SHS), 2009 WL 2596636 (S.D.N.Y. Aug. 20, 2009)................ 5, 21, 23, 24

*Davis v. Lenox Hill Hospital*,
  No. 03 Civ. 3746 (DLC), 2004 WL 1926086 (S.D.N.Y. Aug. 31, 2004) ...............................13

*Eng-Hatcher v. Sprint Nextel Corp.*,
  No. 07 Civ. 7350 (BSJ), 2009 WL 7311383 (S.D.N.Y. Nov. 13, 2009) ..................8, 10, 12

*Franklin v. Breton Int'l, Inc.*,
  No. 06 Civ 4877 (DLC), 2006 WL 3591949 (S.D.N.Y. Dec. 11, 2006) ...........................14, 23

*Gen. Tel. Co. of the Sw. v. Falcon*,
  457 U.S. 147 (1982) ...........................................................................................................4, 9

**TABLE OF AUTHORITIES**
(Cont'd)

**Page (s)**

*In re Fosamax Prods. Liab. Litig.*,
    248 F.R.D. 389 (S.D.N.Y. 2008)..................................................................................9

*In re Initial Pub. Offering Sec. Litig.*,
    471 F.3d 24 (2d Cir. 2006)...................................................................5, 6, 12, 22

*Kingsepp v. Wesleyan Univ.*,
    142 F.R.D. 597 (S.D.N.Y. 1992)......................................................................18, 20

*Kiobel v. Royal Dutch Petroleum Co.*,
    No. 02 Civ. 7618 (KMW) (HBP), 2004 WL 5719589 (S.D.N.Y. Mar. 31, 2004)...................6

*Levine v. Berg*,
    79 F.R.D. 95 (S.D.N.Y. 1978)..........................................................................18, 19

*Lewis v. Nat'l Fin. Sys. Inc.*,
    No. 06-1308 (DRH) (ARL), 2007 WL 2455130 (E.D.N.Y. Aug. 23, 2007)...............11, 16, 18

*Lin v. Benihana Nat'l Corp.*,
    755 F. Supp. 2d 504 (S.D.N.Y. 2010)...................................................................24

*Lu v. Jing Fong Rest., Inc.*,
    503 F. Supp. 2d 706 (S.D.N.Y. 2007)..................................................................25

*McBean v. City of New York*,
    260 F.R.D. 120 (S.D.N.Y. 2009) ..........................................................................6

*Mendoza v. Casa de Cambio Delgado, Inc.*,
    No. 07 CV 2579 (HB), 2008 WL 938584 (S.D.N.Y. Apr. 7, 2008) ........................................17

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d Cir. 2010)...............................................................................8, 20

*Sicinski v. Reliance Funding Corp.*,
    82 F.R.D. 730 (S.D.N.Y. 1979)..............................................................................20

*Vengurlekar v. Silverline Techs., Ltd.*,
    220 F.R.D. 222 (S.D.N.Y. 2003).........................................……9, 14, 15, 21

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011) ..........................................................................................4, 9

*Wilson v. Toussie*,
    No. 01-CV-4568 (DRH) (WDW), 2008 WL 905903 (E.D.N.Y. Mar. 31, 2008)..............6, 8

-iii-

# TABLE OF AUTHORITIES
## (Cont'd)

**Page (s)**

*Zubair v. Entech Eng'g P.C.,*
  No. 09 Civ. 7927 (VM), 2011 WL 4000888 (S.D.N.Y. Aug. 17, 2011) ..................................23

STATUTES

N.Y. LABOR LAW § 195.1(a)...............................................................16

N.Y. LABOR LAW § 195.3 ..................................................................15

FED. R. CIV. P. 23(a) ...................................................................4

FED. R. CIV. P. 23(a)(1) ...............................................................16

FED. R. CIV. P. 23(a)(4) ...............................................................18

FED. R. CIV. P. 23(b)(3) ................................................................4

FED. R. EVID. 408.......................................................................17

FED. R. EVID. 901.......................................................................11

N.Y. COMP. CODES R. & REGS. tit. 12, § 137-3.13 ........................................25

N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.14(c)(4)(i) ..............................7, 13

TREATISES

JOSEPH M. MCLAUGHLIN, MCLAUGHLIN ON CLASS
  ACTIONS: LAW AND PRACTICE, § 5:23 at 1126 (8th ed. 2011) ..............................21

## PRELIMINARY STATEMENT

Based almost exclusively on conclusory and unsupported allegations regarding their limited work experience solely as delivery persons in one retail location, Plaintiffs ask this Court to certify a class of employees that purports to include union members,[1] factory workers, catering staff, retail employees, clerical staff, and delivery persons, among others.  But such a proposed class meets none of the tenets of Rule 23, and certification accordingly must be denied.

In support of this all-encompassing class, Plaintiffs fail to proffer any factual allegations regarding any employee except for the five named Plaintiffs.  This lack of evidence is not surprising, however: Plaintiffs failed to conduct any discovery related to anyone other than the five named Plaintiffs.  Rather, Plaintiffs seek certification for alleged company-wide policies and practices based merely on supposition and extrapolation from the testimony of a single employee of Defendants and identical declarations from each named Plaintiff.  This transparent attempt to manufacture evidence out of whole cloth is ridiculous.  For instance, these declarations all make the preposterous claim that each named Plaintiff personally witnessed the individual experiences of every other employee across two states and in every location and employment sector.  *See, e.g.*, Volpe Decl., Ex. 1 (Declaration of E. Hernandez, hereinafter "E. Hernandez Decl.") at ¶ 8 ("I personally observed that *all* other non-exempt employees of Defendants were *never* paid a spread of hours premium . . . ." (emphases added)).  Plaintiffs cannot fill the gaping evidentiary holes in their brief by mere speculation alone, and certification must be rejected.

While these evidentiary failures alone mandate denial of certification, there are numerous other independent reasons why a class cannot be certified here.  For instance:

---

[1] Defendants, among other things, operate a baking plant where employees do not make deliveries. These employees are represented by Bakery Confectionery Tobacco Workers & Grain Millers Union AFL-CIO-CLC Local 3-G.  *See* Volpe Decl. ¶ 2.

- While Plaintiffs set forth a litany of varying definitions for their proposed class, they are all unascertainable because each definition predicates membership upon a finding of liability. Such a class would force the Court to conduct a mini-trial to examine the merits of each proposed class member's claims prior to determining if that individual is a class member and is thus not ascertainable.

- Plaintiffs' arguments for typicality and commonality fail because many of the proposed class members earned more than the minimum wage, thereby subjecting them to unique defenses on several of Plaintiffs' claims.

- Plaintiffs inappropriately premise their numerosity arguments upon inadmissible evidence or misconstrued testimony from one employee of Defendants. Once again, Plaintiffs' failure to present any documentary evidence dooms their motion.

- The deposition testimony of the named Plaintiffs reveals that, by all measures, Plaintiffs have failed to satisfy Rule 23's adequacy requirements. For example, Plaintiffs do not understand that they purport to represent a class of individuals other than the five named Plaintiffs. *See, e.g.*, Volpe Decl., Ex. 2 (C. Hernandez Dep. Tr.) at 53:16-54:1 ("Q: Who else is part of that class? A: It's only the five of us.").

- Finally, Plaintiffs' attempts to meet Rule 23(b)'s demanding predominance requirement are thwarted by their failure to present any generalized proof of a common policy or plan. Instead, Plaintiffs' claims depend entirely on individualized proof. They are thus not appropriate for class certification.

## RELEVANT PROCEDURAL HISTORY

Defendants Anjost Corp. D/B/A Zaro's Bakery, Stuart D. Zaro, and Joseph Zaro operate bakeries and eateries throughout New York and New Jersey.  Plaintiffs Francisco "Daniel" Flores, Constantino "Fernandez" Hernandez, Enrique Hernandez, Valeriano "Fernando" Salvador, and Alejandro Jimenez (collectively, "Plaintiffs") are five delivery workers at Defendants' store located at 920 Broadway in Manhattan.  On March 7, 2011, Plaintiffs initiated a putative class and collective action alleging violations of federal and New York State wage and hour laws.  Plaintiffs have since amended their complaint twice.  Most recently, the Second Amended Complaint seeks to drastically expand the class to include employees at all of Defendants' locations, not merely tipped employees as in prior Complaints.  This complaint also added claims for allegedly improper uniform violations and wage statements.  Taken together, Plaintiffs now allege that Defendants (1) failed to pay the minimum wage required under the Fair Labor Standards Act (the "FLSA"); (2) failed to pay one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek in violation of the FLSA and New York State's Labor Law (the "Labor Law"); (3) withheld payments owed to Plaintiffs under the "spread of hours" premium set forth within the Labor Law; (4) misappropriated gratuity payments related to food deliveries in violation of the Labor Law; (5) improperly deducted the cost of uniforms from Plaintiffs' wages; and (6) failed to provide wage statements that satisfy the statutory requirements of the Labor Law.

The parties engaged in discovery over seven months.  Discovery closed on December 30, 2011.  Plaintiffs amended their complaint for a second time after discovery closed.  Plaintiffs, after receiving permission to serve the Second Amended Complaint, proceeded to expand the

-3-

proposed class to include all Zaro's employees, not merely tipped employees, for alleged violations of the spread of hours requirements, improper uniform deductions, and inappropriate wage statements.  Plaintiffs have not conducted discovery on any of the new claims contained in that Second Amended Complaint.

## ARGUMENT

Class certification is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)).  As a result, courts engage in a "rigorous analysis" of each of the Rule 23 requirements.  *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982).

Rule 23 states:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a) (2012).  "Plaintiffs' claim must also fit within one of the three categories enumerated in Rule 23(b)."  *Cabrera v. 211 Garage Corp.*, Nos. 05 CV 2272 (GBD), 07 CV 7313 (GBD), 2008 WL 3927457, at *2 (S.D.N.Y. Aug. 25, 2008).  Plaintiffs appear to pursue certification of a class pursuant to Rule 23(b)(3).  In addition to the requirements of Rule 23(a), Plaintiffs must also show that (1) "questions of law or fact common to class members predominate over any questions affecting only individual members," and that (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3) (2012).  Finally, Rule 23 "contains an implicit requirement that the

-4-

proposed class be precise, objective and presently ascertainable." *Cabrera*, 2008 WL 3927457, at *2 (citation and internal quotation marks omitted).

Plaintiffs bear the burden to demonstrate that this action meets all of Rule 23's requirements. *See, e.g.*, *Cortes v. Foot Locker, Inc.*, No. 06 Civ. 1046 (AKH), 2011 WL 3047489, at *2 (S.D.N.Y. Apr. 7, 2011). The failure to meet any one of the Rule 23 criteria will defeat the motion. *See Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998). Courts in this Circuit have repeatedly held that "plaintiffs seeking class certification must go beyond the allegations embodied in the pleadings and provide the Court with specific facts justifying certification." *Cabrera*, 2008 WL 3927457, at *2. In determining whether the Rule 23 requirements are met, bare allegations in a complaint will not suffice. Instead, the Second Circuit requires that "all of the evidence must be assessed as with any other threshold issue." *In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 27 (2d Cir. 2006). "[T]he district judge must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." *Id.* at 41, 42 (instructing district court to "assess all of the relevant evidence admitted at the class certification stage and determine whether each Rule 23 requirement has been met, just as the judge would resolve a dispute about any other threshold prerequisite for continuing a lawsuit"). Finally, "[a] proponent of class certification must meet the Rule 23 requirements by a preponderance of the evidence." *Dauphin v. Chestnut Ridge Transp. Inc.*, No. 06 Civ. 2730 (SHS), 2009 WL 2596636, at *2 (S.D.N.Y. Aug. 20, 2009) (citation and internal quotation marks omitted).

## I.

### <u>CERTIFICATION MUST BE DENIED BECAUSE PLAINTIFFS' PURPORTED CLASS IS NOT ASCERTAINABLE</u>

In addition to the explicit Rule 23 requirements, courts in this district have also grafted an implicit "ascertainability requirement" upon the certification process.  *See In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 30 (2d Cir. 2006).  This requirement "obligates plaintiffs to demonstrate that the class they seek to certify is readily identifiable, such that the court can determine who is in the class and, thus, bound by the ruling."  *McBean v. City of New York*, 260 F.R.D. 120, 132-33 (S.D.N.Y. 2009).  "To establish that a class is ascertainable, Plaintiffs must show that its members are readily identifiable so that the court can determine who is in the class and, therefore, bound by the ruling."  *Wilson v. Toussie*, No. 01-CV-4568 (DRH) (WDW), 2008 WL 905903, at *4 (E.D.N.Y. Mar. 31, 2008); *see also Bano v. Union Carbide Corp.*, No. 99 Civ. 11329 (JFK) (HBP), 2005 U.S. Dist. LEXIS 32595, at *14-15 (S.D.N.Y. Aug. 12, 2005) (finding that, although not expressly required by Rule 23, ascertainability is an element of class certification).

Where class membership cannot be ascertained until after determining whether the individual at issue has suffered an injury, the class is not sufficiently ascertainable.  *Kiobel v. Royal Dutch Petroleum Co.*, No. 02 Civ. 7618 (KMW) (HBP), 2004 WL 5719589, at *5-6 (S.D.N.Y. Mar. 31, 2004); *Wilson*, 2008 WL 905903, at *4 (holding that "[a] class's definition will be rejected when it requires addressing the central issue of liability in a case and therefore the inquiry into whether a person is a class member essentially require[s] a mini hearing on the merits of each [plaintiff's] case" (citation and internal quotation marks omitted)).

-6-

Plaintiffs' failure to appropriately define the purported class is revealed by their very own description of the class.  In their "Memorandum of Law in Support of Plaintiffs' Motion for Class Certification Pursuant to Fed. R. Civ. P. 23" ("Pls. Br."), Plaintiffs define a "Class Member" as "all Zaro's employees from March 7, 2005 until the present."  Pls. Br. at 1-2. However, Plaintiffs' brief then vacillates between claims that the class consists of "all non-exempt individuals employed by Defendants since March 7, 2005," *id.* at 7, and "all employees who were employed by Zaro's Bakery at any time between March 7, 2005 and the present." Declaration of C.K. Lee ("Lee Decl."), Ex. A at 2 [ECF Docket No. 50].  Plaintiffs' inability to consistently define their proposed class is, at best, hopelessly confusing and misleading. Regardless, despite Plaintiffs' definitional problems, both characterizations of the purported class are not ascertainable.

First, Plaintiffs' claim that the class consists of "all Zaro's employees from March 7, 2005 until the present" is facially preposterous.  That class would include, for example, owners, executives, managers, administrative personnel, and exempt employees, all of whom are explicitly excluded from the scriptures of the FLSA or NYLL.  *See, e.g.*, 12 N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14(c)(4)(i).  Those are simply not class members.

Plaintiffs' alternative definition — that the class consists of "all non-exempt individuals employed by Defendants since March 7, 2005" — fares no better.  This version of the purported class is defined as those individuals who were not paid for a spread of hours premium, who were improperly charged for a uniform, and received inadequate wage statements.  Even ignoring the litany of substantive hurdles Plaintiffs face that are fully discussed *infra*, this class is simply not ascertainable.  In order to determine class

-7-

membership, the Court would be forced to conduct a mini-trial with respect to each non-exempt employee to decide if that employee was entitled to receive a spread of hours premium and did not receive such a premium, whether said employee was improperly charged for a uniform, and whether the employee received inadequate wage statements. Such a class, which predicates membership upon a finding of liability, is simply not ascertainable. *See, e.g.*, *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07 Civ. 7350 (BSJ), 2009 WL 7311383, at *7 (S.D.N.Y. Nov. 13, 2009); *Wilson*, 2008 WL 905903, at *4.

## II.

### PLAINTIFFS HAVE NOT MET RULE 23'S REQUIREMENTS

In addition to being overly broad and unascertainable, Plaintiffs' proposed class also fails to meet the express requirements of Rule 23. In particular, Plaintiffs' failure to adequately demonstrate each of the prongs of Rule 23(a) dooms Plaintiffs' Motion.

As an initial matter, Plaintiffs contend that "Defendants have already acceded to collective certification in a previous stipulation." Pls. Br. at 7. This statement is both wrong and irrelevant. It is wrong because Defendants have not agreed to collective certification. Instead, Defendants have agreed only to conditional certification for noticing purposes as provided by the Second Circuit. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). Defendants have not, and do not, consent to the second stage of collective action noticing, which requires that the Court examine the full record to determine whether putative Plaintiffs are similarly situated to the named Plaintiffs. *See id.*

In any event, this statement is irrelevant because the more lenient collective action standards do nothing to establish the requirements of Rule 23. As courts in this District have

-8-

explicitly noted, "[t]he requirements for Rule 23 class certification are far more stringent than those for conditional collective action certification under [FLSA]." *Cabrera v. 211 Garage Corp.*, Nos. 05 CV 2272 (GBD), 07 CV 7313 (GBD), 2008 WL 3927457, at *2 (S.D.N.Y. Aug. 25, 2008).

## A.     WITHOUT SHOWING COMMONALITY AND TYPICALITY, CLASS CERTIFICATION MUST BE DENIED

The commonality and typicality requirements "tend to merge" because "[b]oth serve as guideposts for determining whether . . . the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (internal quotation marks omitted). This common contention "must be of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Typicality "requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *In re Fosamax Prods. Liab. Litig.*, 248 F.R.D. 389, 398 (S.D.N.Y. 2008). "The critical inquiry is whether the common questions are at the core of the cause of action alleged." *Vengurlekar v. Silverline Techs., Ltd.*, 220 F.R.D. 222, 227 (S.D.N.Y. 2003) (citations and internal quotation marks omitted).

In order to establish these requirements, "Plaintiffs must produce some 'quantum of evidence to satisfy the commonality and typicality requirements, usually in the form of affidavits, statistical evidence, or both, tending to show the existence of a class of persons affected by a company-wide policy or practice of discrimination.'" *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07 Civ. 7350 (BSJ), 2009 WL 7311383, at *6 (S.D.N.Y. Nov. 13, 2009) (quoting *Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79*, 238 F.R.D. 82, 95 (S.D.N.Y. 2006)).

### i.        The Lack of Evidence Here Requires Denial of the Certification Motion

Plaintiffs' conclusory and unsupported allegations of commonality and typicality are wholly inadequate to justify certification.  Although Plaintiffs baldly assert that "there are a number of questions of law and fact common to the putative class revolving around the legality of Defendants' compensation practices and policies," Pls. Br. at 10, Plaintiffs provide no specific evidence.  Instead, Plaintiffs make generalized and unsupported allegations that Defendants engage in a variety of supposedly improper "practices" or "policies" in the hopes of creating some inkling of commonality or typicality.  For example, Plaintiffs claim that "the spread of hours claims are all common and typical to all current and former non-exempt employees because it was Zaro's Bakery's standard policy not to pay spread of hours since they were not even aware of the requirement," *id.*, and that "Zaro's Bakery had a standard practice to require all employees to pay for their uniform."  *Id.*  But Plaintiffs decline to provide any citations for these unfounded propositions.  Given Plaintiffs' abject failure to conduct discovery into any of the claims added in the Second Amended Complaint, this is not surprising.  In fact, because discovery is now closed, it will be impossible for Plaintiffs to produce sufficient evidence of either commonality or typicality.  The fact that Plaintiffs have conducted insufficient discovery is

-10-

irrelevant to this Court's certification analysis.  *See Lewis v. Nat'l Fin. Sys. Inc.*, No. 06-1308 (DRH) (ARL), 2007 WL 2455130, at *8 (E.D.N.Y. Aug. 23, 2007) (holding that "plaintiffs' discovery difficulties do not relieve them of their obligation of satisfying Rule 23's requirements").  This abject lack of evidence mandates denial of this motion.

In any event, the little evidence that Plaintiffs do appear to rely on does nothing to show that the purported class meets the commonality and typicality requirements.  Plaintiffs' evidence of these claims essentially boils down to declarations from the five named Plaintiffs and the deposition testimony of one employee.[2]  These declarations — which are all identical — are woefully inadequate and riddled with unsupported allegations that strain credulity.  Despite the fact that Defendants have at least twelve retail locations in two states, Plaintiffs — who only worked at Defendants' location at 920 Broadway in Manhattan, *see* Compl. ¶¶ 27, 29, 31, 33, 35 — have no problem alleging that "all other non-exempt employees of Defendants were never paid a spread of hours premium," *see, e.g.*, Volpe Decl., Ex. 1 (E. Hernandez Decl.) at ¶ 8; Volpe Decl., Ex. 3 (Declaration of Francisco "Daniel" Flores, hereinafter "Flores Decl.") at ¶ 8, and that "[Plaintiffs] personally observed that all other non-exempt employees were also required to pay for their uniforms."  Volpe Decl., Ex. 1 (E. Hernandez Decl.) at ¶ 9; Volpe Decl., Ex. 3 (Flores Decl.) at ¶ 9.  Plaintiffs' apparent ability to divine corporate-wide policy despite only working at one of several Zaro's locations is patently absurd, and is completely unsupported by any evidence.  Moreover, because scores of putative Plaintiffs —according to Plaintiffs' definition of the purport class — are simply exempt from these requirements for a variety of

---

[2] Moreover, Plaintiffs have not authenticated any of the documents attached to their moving brief.  Unauthenticated documents should not be considered by the Court.  *See* FED. R. EVID. 901 (documents not properly authenticated should not be admitted into evidence).

reasons ranging from membership in a union to earning over the minimum wage, these statements becomes utterly nonsensical

The only other evidence that Plaintiffs cite in their brief is the testimony of Mr. Marcotrigiano, an employee of Defendants.  This testimony does nothing to advance Plaintiffs' cause.  Although Plaintiffs seek to make much of Mr. Marcotrigiano's testimony as the singular evidence necessary for class certification, Plaintiffs succeed only in contorting the record in an attempt to buttress their unfounded allegations.  For example, Plaintiffs freely deem the statement that Mr. Marcotrigiano was unfamiliar with the specific term "spread of hours," Volpe Decl., Ex. 4 (Marcotrigiano Dep. Tr.) at 27:22-28:2, as conclusive evidence that Defendants never paid a single employee a spread of hours premium.  Plaintiffs similarly extrapolate Mr. Marcotrigiano's statement — in response to the question "[a]re all employees charged one T-shirt when they start work?"— that "[n]ot necessarily, maybe a hat or a T-shirt" is conclusive evidence of a company-wide policy of improper uniform deductions.  *Id.* at 41:14-17. [3]  These statements do not establish either commonality or typicality.  The mere fact that a singular employee of Defendants is unfamiliar with a legal term of art or responded equivocally to a question is entirely insufficient to show that Defendants had a practice or policy to violate the law.  Plaintiffs' fundamental failure to present any evidence of commonality or typicality beyond blanket, unsupported assertions mandates dismissal of this motion.  *See In re Initial Pub.*

---

[3] It also bears noting that Mr. Marcotrigiano's deposition was conducted on November 18, 2011, months before Plaintiffs filed their Second Amended Complaint.  At the time Mr. Marcotrigiano answered these questions, the only employees at issue in the case were delivery employees who only work at one of Defendants' locations, *see* Compl. ¶¶ 27, 29, 31, 33, 35.  Mr. Marcotrigiano has not been re-deposed following service of the Second Amended Complaint. This is simply further evidence of the inappropriateness of Plaintiffs' reliance on Mr. Marcotrigiano's deposition testimony.

-12-

*Offering Sec. Litig.*, 471 F.3d at 41 (finding that "the district judge must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met").

The certification motion in *Eng-Hatcher v. Sprint Nextel Corp.* was similarly flawed. There, plaintiff sought to represent a class of defendants' employees who allegedly did not receive their full wage and overtime compensation.  The court denied class certification because, in part, plaintiff did not provide sufficient evidence of company-wide policies or practices.  *See, e.g.*, *Eng-Hatcher*, 2009 WL 7311383, at *6 (denying class certification because, in part, plaintiff "fails to establish that this policy was uniformly applied across the state to all class members"). Plaintiffs here similarly fail to adduce any evidence establishing that each proposed class member's claim arises from the same events.  Accordingly, the present motion must be denied.

### ii.        Unique Defenses Bar Class Certification

Plaintiffs' proposed class is further flawed by its inclusion of employees who are subject to unique defenses.  This is yet another direct bar to class certification.  *See, e.g.*, *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 59 (2d Cir. 2000).  Although Plaintiffs employ multiple definitions for the proposed class throughout their brief, any of these definitions necessarily includes individuals who are subject to unique defenses.  If the class consists of "all Zaro's employees from March 7, 2005 until the present," Pls. Br. at 1-2, there are a host of class members who are, by definition, exempt from the provisions of the FLSA and the Labor Law. For example, this class necessarily includes individuals who are subject to the Labor Law's executive exemption.  *See* 12 N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.14(c)(4)(i).  Such a class definition satisfies neither the commonality or typicality prongs.  *See, e.g.*, *Davis v. Lenox*

-13-

*Hill Hospital*, No. 03 Civ. 3746 (DLC), 2004 WL 1926086, at *6 (S.D.N.Y. Aug. 31, 2004) (rejecting class because, in part, potential members "are subject to unique defenses such that [named plaintiff's] claims and the interests of a broader class . . . are not 'so inter-related that the interests of the class members will be fairly protected in their absence'" (quoting *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999)).

Plaintiffs' alternative definition of the class — that the class consists of "all non-exempt individuals employed by Defendants since March 7, 2005"— is similarly flawed. *See* Pls. Br. at 7. This class also consists of individuals subject to unique defenses. For example, the proposed class encompasses many employees who earn over the minimum wage. This fact obliterates any possibility of certification for Plaintiffs' uniform deduction and spread of hours claims. *See, e.g., Franklin v. Breton Int'l, Inc.*, No. 06 Civ 4877 (DLC), 2006 WL 3591949, at *4 (S.D.N.Y. Dec. 11, 2006) (holding that the spread of hours provision "applies only to workers earning the minimum wage"); *Chan v. Triple 8 Palace, Inc.*, No. 03 Civ. 6048 (GEL), 2006 WL 851749, at *22 & n. 39 (S.D.N.Y. Mar. 30, 2006) (holding that uniform costs are only reimbursable if they cause employees' wages to drop below the minimum wage). This renders the proposed class unfit for certification. *See, e.g., Davis*, 2004 WL 1926086, at *6.

### iii.      Disparate State Wage Laws Mandate Denial of Certification

Defendants purport to represent a class encompassing employees at all of Defendants' locations for violations of various provisions of the Labor Law. But Defendants pointedly ignore the fact that such a class includes employees from both New York and New Jersey. *See* Volpe Decl., Ex. 5. This mandates denial of Plaintiffs' motion. It is elementary that "typicality requires that each class member share similar legal arguments in proving liability." *Vengurlekar*

-14-

*v. Silverline Techs., Ltd.*, 220 F.R.D. 222, 230 (S.D.N.Y. 2003). Plaintiffs' conclusory allegation that "there are a number of questions of law and fact common the putative class," Pls. Br. at 10, is belied by the basic fact that, because the purported class encompasses employees working in both New York and New Jersey, the Labor Law simply does not apply to the entire class.

This was precisely the case in *Vengurlekar*, where plaintiff attempted to bring a class action on behalf of all defendants' employees for violations of New Jersey wage and hour laws, irrespective of whether the putative class members were actually subject to those laws. In denying class certification, the court stated that "it is far from clear that the New Jersey statute applies to all of the wage claims of the proposed class members. . . . Thus, whether analyzed in terms of commonality, typicality or predominance, the cohesiveness between plaintiffs and class members needed to justify class certification is glaringly absent." *Vengurlekar*, 220 F.R.D. at 232. The same result is mandated here and certification must be denied.

### iv.    Plaintiff's Wage Statement Claim is Fundamentally Flawed

Finally, Plaintiffs' claim that Defendants' wage statements are deficient lacks any semblance of commonality or typicality because Plaintiffs cannot show any class-wide injury. In fact, they cannot show any injury at all. Plaintiffs assert that Defendants' wage statements are lacking because they do not "list the employer's name and any names under which the employer does business (including trade names)." Pls. Br. at 4. This is demonstrably false. Plaintiffs have conflated the requirements of New York Labor Law ("NYLL") § 195.1(a), which governs written notices to new employees, with those of § 195.3, which governs wage notices. NYLL § 195.3 requires that employers furnish employees with wage statements listing, among other things, the "name of [the] employer." *See* N.Y. LABOR LAW § 195.3. There is no

-15-

requirement that Defendants provide trade names or "doing business as" names.  In contrast, §195.1(a), which only governs yearly pay notices, does contain such a requirement.  *See* N.Y. LABOR LAW § 195.1(a) (requiring notices to employees to include "the name of the employer; any 'doing business as' names use by the employer . . .").  Plaintiffs have thus confused the requirements of § 195.1(a), which does not apply to wage statements, with those of § 195.3, which does.  Plaintiffs' claim that Defendants' wage statements violate the NYLL for all non-exempt employees is patently false, and Plaintiffs' attempts to create a class out of these claims must be denied.

**B.    PLAINTIFFS HAVE NOT PRESENTED SUFFICIENT EVIDENCE OF NUMEROSITY**

Plaintiffs have also failed to meet the numerosity prong of Rule 23.  This prong requires that the class be "so numerous that joinder of all members is impracticable."  FED. R. CIV. P. 23(a)(1) (2012).  As with all other Rule 23 requirements, Plaintiffs bear the burden of submitting evidence of numerosity.  *See Lewis*, 2007 WL 2455130, at *8 (stating that "evidence of numerosity" is "required").  When a "plaintiff's assertion of numerosity is based on pure speculation or bare allegations, the motion for class certification fails."  *Id.* (citation and internal quotation marks omitted).

Plaintiffs' motion must be denied because they have no evidence of numerosity.  *Lewis* is instructive on this point.  The court denied class certification because "[t]here is no *evidence as to the number of* [potential class members] employed by Defendant in New York."  *Id.* (emphasis in original).  Plaintiffs here also have no evidence as to the size of this proposed class.  Plaintiffs' declarations do not address the size of the class, and Plaintiffs have absolutely no admissible evidence concerning the size of the purported class.  Instead, Plaintiffs attempt to rely

-16-

on wholly inadmissible evidence to show numerosity.  Plaintiffs' claim that "Defendants have provided lists of tipped employees that exceed 40 individuals," Pls. Br. at 9, is both misleading and irrelevant.  Plaintiffs' brief references lists of "tipped" employees as evidence that Plaintiffs have satisfied the numerosity requirement.  *Id.* at 9.  Although unclear — Plaintiffs decline to include the lists in their papers — Defendants can only assume that Plaintiffs point to lists provided by Defendants in advance of a non-binding, confidential mediation session between the parties.  Indeed, the cover letter enclosing this list explicitly states that "the document should not be distributed or published or otherwise considered evidence, an admission of liability, statement against interest or a concession of membership in any purported class."  Volpe Decl., Ex. 6.  This evidence is inadmissible under both the explicit agreement of the parties and the Federal Rules of Evidence.  *See* FED. R. EVID. 408.

Similarly, Plaintiff's citation to Stuart Zaro's testimony that Defendants have "more than [one] hundred" employees, *see* Volpe Decl., Ex. 7 (Zaro Dep. Tr.) at 13:17-14:1, does nothing to show numerosity.  First, Mr. Zaro was merely asked to quantify how many employees Defendants have "in terms of business operations at Anjost Corporation."  *Id.* at 13:17-19.  Such a request necessarily includes scores of employees who, for reasons discussed above, are not members of the class.  Second, Defendants have conducted no discovery into the number of employees that may constitute the proposed class, and have no evidence of numerosity.

The Southern District recently denied class certification for a similar reason.  In *Mendoza v. Casa de Cambio Delgado, Inc.*, the court found that plaintiffs had not met the numerosity requirement because "[t]here is no articulation of what number of employees . . . would have been affected by such a policy nor is there any way to know how the Plaintiffs come to that

-17-

number." *Mendoza v. Casa de Cambio Delgado, Inc.*, No. 07 CV 2579 (HB), 2008 WL 938584, at *4 (S.D.N.Y. Apr. 7, 2008). The same deficiency exists here. While Plaintiffs trumpet Mr. Zaro's testimony, they blatantly ignore the fact that, without more, an estimated number of employees — not class members — simply does not meet the numerosity burden. Plaintiffs have thus entirely failed to meet the numerosity requirement, and their motion must be denied. *See Lewis*, 2007 WL 2455130, at *8 (stating that when a "plaintiff's assertion of numerosity is based on pure speculation or bare allegations, the motion for class certification fails" (citation and internal quotation marks omitted)).

## C.   PROPOSED CLASS COUNSEL AND THE PUTATIVE CLASS REPRESENTATIVES ARE BOTH INADEQUATE

The next blow to Plaintiffs' class certification hopes lies in their inability to establish that either putative class counsel or the putative class representatives meet the requirements of Rule 23. Rule 23(a)(4) mandates that a class be adequately represented. FED. R. CIV. P. 23(a)(4) (2012). This determination turns on two factors: "(a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *Kingsepp v. Wesleyan Univ.*, 142 F.R.D. 597, 598-99 (S.D.N.Y. 1992) (citation and internal quotation marks omitted). Plaintiffs fail to meet both prongs of this test.

### i.   Plaintiffs Are Inadequate Class Representatives

Rule 23(a)(4) "requires that the representative fairly and adequately represent and protect class interests." *Levine v. Berg*, 79 F.R.D. 95, 97 (S.D.N.Y. 1978). The five named Plaintiffs do not meet this standard.

-18-

First, Plaintiffs also have limited personal knowledge of the facts of this case.  This is typified by Plaintiffs' inability to articulate who they purport to represent should the class be certified as a class action.  *See, e.g.*, Volpe Decl., Ex. 8 (Jimenez Dep. Tr.) at 70:18-24 ("Q: Your complaint says that you are bringing this action on behalf of a class of people, is that correct? A: Yes. Q: Who are those people? A: Daniel, Enrique, I forgot the rest of the names but there are like two or three."); *Id.*, Ex. 2 (C. Hernandez Dep. Tr.) at 53:16-54:1 (Q: Your complaint purports to bring this action on behalf of a class of persons; is that correct? A: Yes. Q: Who are those persons? A: The five who have joined in this suit: Enrique, Fernando, Daniel, Alejandro. Q: Who else? A: And I. Q: Who else is part of that class? A: It's only the five of us.").

Plaintiffs also have insufficient knowledge regarding their claims in this action.  For example, Plaintiff Flores testified that he had no understanding of the concept of the minimum wage.  *See id.*, Ex. 9 (Flores Dep. Tr.) at 6:7-20.  Taken together, this lack of personal knowledge is fatal to certification.  *See, e.g.*, *Levine*, 79 F.R.D. at 97 (denying class certification because, in part, "[p]laintiff's unfamiliarity with matters relating to her claim permeates her testimony"); *Darvin v. Int'l Harvester Co.*, 610 F. Supp. 255, 257 (S.D.N.Y. 1985) ("This uncertainty and inconsistency, which are characteristic of plaintiff's deposition testimony and which indicate plaintiff's unfamiliarity with the action, illustrate his inadequacy to act as class representative.").  That is precisely the case here.  Because Plaintiffs have not demonstrated the necessary familiarity with this action to act as class representatives, their certification motion must be denied.

ii.      **Plaintiffs' Counsel is Inadequate to Represent the Class**

It is fundamental that "the ability of counsel to competently prosecute the proposed litigation is a necessary component of adequate representation." *Levine*, 79 F.R.D. at 97. As the role of class counsel "is akin to that of a fiduciary for class members," courts rigorously review proposed class counsel. *Kingsepp*, 142 F.R.D. at 599 (finding that "'a court must carefully scrutinize the adequacy of representation' when considering whether to certify a class" (quoting *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968)). A court must "scrutinize the character, competence and quality of counsel retained." *Id.*

Plaintiffs' counsel will not adequately represent the interests of the proposed class. This has been apparent since the commencement of this action. First, Plaintiffs' counsel conducted an inadequate investigation of potential claims before filing the complaint, which necessitated two separate amendments to the complaint. Plaintiffs' counsel has also failed to proceed expeditiously since filing their complaints: thanks to their dilatory discovery efforts, Plaintiffs have taken precisely zero discovery on the claims presented by the Second Amended Complaint. This mandates denial of Plaintiffs' certification motion. *See Sicinski v. Reliance Funding Corp.*, 82 F.R.D. 730, 734 n. 2 (S.D.N.Y. 1979) (rejecting proposed class counsel as adequate representative because "[c]ounsel apparently conducted an inadequate investigation before filing the complaint . . . [and] [s]ince the complaint was filed, plaintiff's counsel have not proceeded expeditiously").

### III.

### CLASS CERTIFICATION MUST BE DENIED BECAUSE PLAINTIFFS FAIL TO MEET RULE 23(b)(3)'S DEMANDING PREDOMINANCE REQUIREMENT

Plaintiffs' motion must also be denied because they fail to establish Rule 23(b)(3)'s predominance requirement.  This requirement is "far more demanding than the commonality requirement of Rule 23(a)."  *Vengurlekar v. Silverline Techs., Ltd.*, 220 F.R.D. 222, 228 (S.D.N.Y. 2003).  "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).  This requirement is satisfied only "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof."  *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) (citation and internal quotation marks omitted).

"In order to meet the predominance requirement of Rule 23(b)(3), a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof."  *Dauphin v. Chestnut Ridge Transp. Inc.*, No. 06 Civ. 2730 (SHS), 2009 WL 2596636, at *3 (S.D.N.Y. Aug. 20, 2009) (citation and internal quotation marks omitted). "If the evidence need[ed] to make a prima facie showing on a given question requires members of the proposed class to present evidence that varies from member to member, then it is an individual question."  JOSEPH M. MCLAUGHLIN, MCLAUGHLIN ON CLASS ACTIONS: LAW AND PRACTICE, § 5:23 at 1126 (8th ed. 2011).

-21-

Plaintiffs cannot show predominance because there is no generalized proof of Defendants' alleged violations of the FLSA and Labor Law.  Plaintiffs glibly assert that their claims "are subject to generalized proof regarding Defendants' policies and practices."  Pls. Br. at 13.  But Plaintiffs present precisely zero evidence to buttress this claim.  Although Plaintiffs cavalierly purport to represent a class comprised of "all Zaro's employees from March 7, 2005 until the present," *id.* at 1-2, for claims arising out of alleged spread of hours violations, improper uniform deductions, and inadequate wage statements, they fail to provide any documentary evidence of these purported violations.  Instead, Plaintiffs freely extrapolate from the testimony of one employee to create claims that, according to Plaintiffs, reach across the entirety of Defendants' business.  As fully discussed *supra*, Plaintiffs' only other evidence consists of five identical and wholly unsupported declarations from each named Plaintiff.  But neither Defendants' testimony nor Plaintiffs' declarations provide the required generalized proof of Defendants' supposed policy and practices.  This destroys Plaintiffs' attempts to show predominance.

Plaintiffs' spread of hours and uniform claims are emblematic of Plaintiffs' evidentiary issues.  Both of these claims will require employee-by-employee determinations of whether liability exists.[4]  With respect to the spread of hours claim, the Honorable Victor Marrero of this

---

[4] As the Second Circuit noted in *In re Initial Public Offering Securities Litigation*, a court faced with a Rule 23 certification motion must resolve factual disputes germane to the district court's decision on certification.  *See In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006) (finding that the court's determination "can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met").  Given the

District recently affirmed the position presented by the New York Department of Labor that employers need not pay additional spread of hours compensation if employees make more than the minimum wage. *See Zubair v. Entech Eng'g P.C.*, No. 09 Civ. 7927 (VM), 2011 WL 4000888, at *7 (S.D.N.Y. Aug. 17, 2011) ("[T]he Court finds that the explicit reference to 'minimum wage' in § 142-2.4 indicates that such a provision is properly limited to those employees who receive only the minimum compensation required by law."); *see also Almeida v. Aguinaga*, 500 F. Supp. 2d 366, 369-70 (S.D.N.Y. 2007) (finding that spread of hours pay is "a supplement to an employee earning only the minimum required rates, not those employees whose pay is already more than the required rates plus the additional hour of minimum wage"); *Franklin v. Breton Int'l, Inc.*, No. 06 Civ 4877 (DLC), 2006 WL 3591949, at *4 (S.D.N.Y. Dec. 11, 2006) (holding that the spread of hours provision "applies only to workers earning the minimum wage").

Under either of Plaintiffs' class definitions discussed above, the proposed class necessarily includes individuals who earned in excess of the minimum wage, thereby excluding them from the class.  Liability is thus premised on individual proof.  In order to decide whether each employee is a class member, the Court must undertake an individualized examination of every employee to determine (1) if the employee is exempt from spread of hours pay and (2) if the employee is not exempt, whether the employee is entitled to any spread of hours pay.  This is the epitome of a claim that fails the predominance requirement.  *See, e.g.*, *Dauphin*, 2009 WL 2596636, at *3 (rejecting certification motion on predominance grounds because the

significant factual issues presented by Plaintiffs' motion, it is appropriate for this court to examine the underlying merits of Plaintiffs' claims.

-23-

"defendants' liability for unpaid overtime pay depends heavily on individualized proof . . . the fact-finder may have to determine defendants' liability on a driver-by-driver basis").

Plaintiffs' claim that Defendants improperly deducted for the cost of uniforms is equally inappropriate. The fact-finder must again delve into an employee-by-employee determination of liability. It is black letter law that "[t]he FLSA and NYLL allow employers to shift the cost of uniform purchase and maintenance to employees as long as doing so does not reduce the employee's wage below minimum wage or lower the amount of overtime pay due." *Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 511 (S.D.N.Y. 2010) (citing 29 C.F.R. § 778.217; N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.8); *see also Chan v. Triple 8 Palace, Inc.*, No. 03 Civ. 6048 (GEL), 2006 WL 851749, at *22 & n. 39 (S.D.N.Y. Mar. 30, 2006) (holding that uniform costs are only reimbursable if they cause employees' wages to drop below the minimum wage). Given the scope of Plaintiffs' purported class — which necessarily includes individuals who earned over the minimum wage — this claim will again require an employee-by-employee determination of liability of both whether Defendants ever deducted for those uniforms and whether those deductions, if any, are inappropriate. This is another nail in the coffin of Plaintiffs' certification motion. *See, e.g.*, *Dauphin,* 2009 WL 2596636, at *3.

Plaintiffs' uniform claim is further flawed because they have presented no evidence that the complained of "uniform" actually qualifies as a uniform under the Labor Law. The "uniform" here consists of a t-shirt, a hat, or both.[5] *See* Volpe Decl., Ex. 4 (Marcotrigiano Dep. Tr.) at 40:21-42:2. Under the wage regulations in place for the vast majority of the relevant

---

[5] This "uniform" refers only to the clothing worn by delivery employees. Plaintiffs have presented no evidence as to whether other employees wear uniforms and, if so, what those uniforms consist of.

-24-

time period of this lawsuit, a "required uniform" referred to "clothing worn by an employee at the request of an employer, while performing job-related duties" <u>unless</u> such "clothing . . . may be worn as part of an employees' ordinary wardrobe." N.Y. COMP. CODES R. & REGS. tit. 12, § 137-3.13.  The "uniform" here easily meets this exception.  A t-shirt and hat fit squarely within any reasonable definition of what constitutes "ordinary wardrobe."  Multiple courts have agreed.  *See, e.g.*, *Lu v. Jing Fong Rest., Inc.*, 503 F. Supp. 2d 706, 712 (S.D.N.Y. 2007) (finding that "white button-down shirts, black dress pants, black socks, and black leather shoes . . . do not qualify as a uniform" (internal quotation marks omitted)); *Lin*, 755 F. Supp. 2d at 512 (noting that "black shirts and pants" qualify within the ordinary wardrobe exception).

Thus, Plaintiffs motion for certification should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs have failed to establish each of the requirements for class certification.

Dated: New York, New York
       March 16, 2012

**VENABLE LLP**

_____/s/_____
Michael J. Volpe
mjvolpe@venable.com
Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(212) 307-5500 (tel.)
(212) 307-5598 (fax)

*Attorneys for Defendants Anjost Corp.*
*d/b/a Zaro's Bakery, Stuart D. Zaro, and*
*Joseph Zaro*

-25-