UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENRIQUE HERNANDEZ, ALEJANDRO JIMENEZ,
PEDRO ALVARADO, MOHAMED ABDUL QADIR,
ISMAEL MARTINEZ, HECTOR AGUILAR, JAVIER
SOSA-MULATO, JUAN TENORIO, NATASHA
WILLIAMS, JOSE ANTONIO BAUTISTA, VICENTE
HERNANDEZ, MINU AKTER, MOHAMMED KARIM
MUNNA, JOSEPH RAMIREZ, DONALD P. WHITE,
HECTOR GOMEZ, JOANA MARIE S. ORDONA,
JOSEPH A. NOELFILS, NFN DASRAT, SHAHANA
HUQ, CHANDRAWATTY SINGH, JAIME P.
ORDONA, JOSEPHINE ABRUZZESE, BALRAM
BUDHRAM, OLUMACHUKWU AGWA, PARITOSH
SAHA, MARIAMA BALDE, SHAMSUN N.
CHOWDHURY, FELIX QUINONES, BABETTE
EVANGELISTA, TONI CHARLTON, PEDRO H.
CRUZ PEREZ, MONA RANA, FRANKLIN LAINES,
ZAKIR TALUKDER, SHYAMAL BARAN DAS,
MARLENY ORTIZ, HAMERTON MATHIEU, ISSA
DIBA, FARIDA YEASMIN, ADAMA KAMATE,
RAHIMA KHANAM, DALIA RAHMAN, DIAMON
ARMSTRONG, CHANDRA CORRAYA, ESTELA
GARCIA, JOLLY CHOWDHURY, JOSEPH WRIGHT,
DIEGO RESTREPO G., LUIS PARRAGA, MD T. ALI,
SILVIO DIAZ, MOHAMMAD BHUIYAN, HARVY
GONZALEZ, EDGAR BENITO PERALTA, BARRY
GREENBERG, FRANCES MAJOR, CHOTI SHERPA,
SONY SHERPA, SHERLEY LOUIS-JEAN, LUCKNER
LOUIS, TARRELL JORDAN, RABAYA AHMED,
NUR U MOZNU, FRANCISCO DANIEL FLORES,
CONSTANTINO FERNANDEZ HERNANDEZ, and
VALERIANO FERNANDO SALVADOR,

Plaintiffs,

-v-

ANJOST CORP., STUART D. ZARO, and JOSEPH
ZARO,

Defendants.

11 Civ. 1531 (AT)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/14/13

ANALISA TORRES, United States District Judge:

The parties' attached proposed order for preliminary approval of the class action
settlement (ECF No. 190-1) is ADOPTED with the following modifications:

1. The notice to be distributed is the attached notice received by the Court on August 14,
   2013, and not the notice originally submitted with the motion.

2.  In accordance with the attached notice, Class Members will have **90** days, not 30, to opt out or object.

3.  The Court will hold a final fairness hearing on **Tuesday, January 7, 2014**, at **4:00 p.m.**, in Courtroom 15D of the United States Courthouse, 500 Pearl Street, New York, New York.

4.  Defendants shall provide notice of the Settlement Agreement as dictated by 28 U.S.C. § 1715(b) to appropriate state and federal officials no later than 10 days after entry of this order.

SO ORDERED.

Dated: August 14, 2013
      New York, New York

 

_____
ANALISA TORRES
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCISCO "DANIEL" FLORES, CONSTANTINO "FERNANDEZ" HERNANDEZ, ENRIQUE HERNANDEZ, VALERIANO "FERNANDO" SALVADOR, and ALEJANDRO JIMENEZ, on behalf of themselves and others similarly situated, | No. 11 Civ. 1531 |
| Plaintiffs, | |
| v. | |
| ANJOST CORP. d/b/a ZARO'S BAKERY, STUART D. ZARO, and JOSEPH ZARO, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS,
APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND
APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notices of Settlement ("Motion for Preliminary Approval"). Defendants do not oppose the motion.

**I.      Preliminary Approval of Settlement**

1.      Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Justin M. Swartz ("Swartz Declaration"), the Declaration of C.K. Lee ("Lee Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release

("Settlement Agreement") between Plaintiffs and Defendants Anjost Corp. d/b/a Zaro's Bakery, Stuart D. Zaro, and Joseph Zaro (collectively "Zaro's" or "Defendants") attached to the Swartz Declaration as Exhibit A, and "so orders" all of its terms.

2.       Courts have discretion regarding the approval of a proposed class action settlement. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases because they and their counsel are in unique positions to assess potential risks. *See Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009).

3.       Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process.  It simply allows notice to issue to the class and for Class Members to object to or opt out of the settlement.  After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input. *Clark*, 2009 WL 6615729, at *3.

4.       Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and, in some cases, an informal presentation by the settling parties. *Clark*, 2009 WL 6615729, at *3 (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002)).  Courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *See Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2012 WL 5862749, at *1 (S.D.N.Y. Nov. 15, 2012) (granting preliminary approval based on plaintiffs' memorandum of law, attorney declaration, and exhibits); *Palacio v. E\*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *1 (S.D.N.Y. Mar. 12, 2012) (same).  To grant preliminary approval, the court need only find that there is "probable cause to submit the [settlement]

proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (internal citation omitted). If the proposed settlement "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement. *Clark*, 2009 WL 6615729, at *3.

5.    The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d at 634; *Hernandez*, 2012 WL 5862749, at *1.

6.    The Court finds that the Settlement Agreement is the result of extensive, arms'-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. "Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, Nos. 05 Civ. 10240, 05 Civ. 10287, 05 Civ. 10515, 05 Civ. 10610, 06 Civ. 304, 06 Civ. 347, 06 Civ. 1684, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007).

7.    The assistance of an experienced mediator, Hon. Theodore Katz (Ret.) of JAMS, reinforces that the Settlement Agreement is non-collusive. A settlement like this one, reached with the help of a third-party neutral, enjoys a "presumption that the settlement achieved meets the requirements of due process." *See Johnson v. Brennan*, 10 Civ. 4712, 2011 WL 4357376, at *8 (S.D.N.Y. Sept. 16, 2011) (citations omitted).

8.    Courts should grant preliminary approval where the settlement agreement has "no obvious defects." *See Alli v. Boston Market Corp.*, No. 10 Civ. 4, at 6 (D. Conn. December 8,

3

2011). The Court finds that the settlement presented here has "no obvious defects" that prevent preliminary approval.

## II.     Conditional Certification of the Proposed Rule 23 Settlement Classes

9.      Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (discussing the advantages of certifying classes for settlement purposes); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *1 (S.D.N.Y. Jan. 21, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

10.      Therefore, the Court certifies a class coextensive with the Spread of Hours and Wage Statement Class certified in Judge Colleen McMahon's order dated June 19 2012, for purposes of settling those class members' claims under NYLL § 195.1.

11.      Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

12.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 2,300 Rule 23 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members").

13.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because they and the class members share common issues of fact and law, including whether Defendants' wage

4

notices satisfied NYLL § 195.1 and whether they are entitled to statutory liquidated damages. *See Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues that help to satisfy Rule 23 commonality requirement include "whether [Defendant] maintained accurate time records" sufficient to satisfy record-keeping requirements.

14.   Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the Class Members' claims. *See Hernandez*, 2012 WL 5862749, at *3 (typicality satisfied where "[p]laintiffs' claims for overtime pay [arose] from the same factual and legal circumstances that form[ed] the bases of the [c]lass [m]embers' claims"); *Morris*, 859 F. Supp. 2d at 616 (same).

15.   Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that the named Plaintiffs' and Class Members' interests are at odds. *See Morris*, 859 F. Supp. 2d at 616 (no evidence that named plaintiffs' and class members' interests were at odds).

16.   In addition, Plaintiffs' Counsel, Outten & Golden LLP ("O&G") and Lee Litigation Group, PLLC also meet Rule 23(a)(4)'s adequacy requirement.  Both are well qualified to represent the class.

8.   Plaintiffs also satisfy Rule 23(b)(3).  Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Torres v. Gristede's Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiff "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages").  Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who

lack the resources to bring their claims individually. *See Morris*, 859 F. Supp. 2d at 617;

*Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 161, 164 (S.D.N.Y. 2008) (Lynch, J.).

### III.   Appointment of Plaintiffs' Counsel as Class Counsel

9.      The Court appoints Outten & Golden LLP ("O&G") and Lee Litigation Group,

PLLC ("LLG") (together, "Plaintiffs' Counsel") as Class Counsel because they meet all of the

requirements of Federal Rule of Civil Procedure 23(g). *See Damassia,* 250 F.R.D. at 165

(explaining that Rule 23(g) requires the court to consider "the work counsel has done in

identifying or investigating potential claims in the action, . . . counsel's experience in handling

class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's

knowledge of the applicable law, and . . . the resources counsel will commit to representing the

class") (internal quotation marks omitted).

10.     Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting,

and settling Plaintiffs' and Class Members' claims.

11.     O&G attorneys are experienced class action litigators and are "well-versed in

wage and hour and class action law." *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL

1872405, at *2 (S.D.N.Y. May 17, 2011) (internal quotation marks omitted).  LLG  is also

experienced and well-qualified to represent the class here.

12.     The work that Plaintiffs' Counsel has performed both in litigating and settling this

case demonstrates their skill and commitment to representing the class's interests.

### IV.   Notices

13.     The Court approves the Proposed Notice of Class Action Settlement ("Proposed

Notice"), filed on July 31, 2013, and directs its distribution to the Class.

14.     The content of the Proposed Notice fully complies with due process and Federal

Rule of Civil Procedure 23.

      15.    Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

      16.    The Proposed Notice satisfies each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *Johnson*, 2011 WL 1872405, at *3. The Proposed Notice is also appropriate because it describes the terms of the settlement, informs the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *Hernandez*, 2012 WL 5862749, at *5.

**V.    Class Action Settlement Procedure**

      17.    The Court hereby adopts the following settlement procedure:

          a.    Within 14 days of the date of this Order, the Claims Administrator shall mail the Notices to Class Members;

          b.    Class Members will have 30 days from the date the Notice is mailed to opt out of the settlement or object to it;

          c.    Plaintiffs will file a Motion for Final Approval of Settlement no later than 14 days before the fairness hearing;

          d.    The Court will hold a final fairness hearing on _____ at _____ a.m./p.m. at the United States District Court for the Southern

District of New York, 500 Pearl Street, New York, New York, Courtroom 15D;

e. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be the day after the deadline for taking an appeal has passed;

f. If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be the day after all appeals are resolved in favor of final approval;

g. The Claims Administrator will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, the Service Awards, and the Claims Administrator's fee as provided in the Parties' Settlement Agreement; and

h. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this ___ day of _____, 2013.


_____
Honorable Analisa Torres
United States District Judge

8

# NOTICE OF CLASS ACTION SETTLEMENT

## PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of class and collective action litigation.**

**This settlement has been authorized by a federal court. It contains important information about your right to participate in the settlement, and to make a claim for payment or choose not to be included in the class.**

### Introduction

Current and former employees Francisco "Daniel" Flores, Constantino "Fernandez" Hernandez, Enrique Hernandez, Valeriano "Fernando" Salvador, and Alejandro Jimenez filed a lawsuit against Anjost Corp., d/b/a Zaro's ("Zaro's"). The Court in charge of this case is the United States District Court for the Southern District of New York. The lawsuit is known as *Flores v. Anjost Corp*, No. 11 Civ. 1531 (S.D.N.Y. filed March 7, 2011). The people who filed the lawsuit are called the Plaintiffs. The group of similarly situated workers they seek to represent, including you, are "Class Members."

Plaintiffs allege in the lawsuit that Defendants failed to pay them and the Class Members wages, including unpaid minimum wages, unpaid overtime, unpaid spread-of-hours pay, misappropriated tips, unpaid uniform expenses, and statutory penalties, in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

Defendants deny Plaintiffs' allegations and claim that Class Members were properly paid.

Plaintiffs and Defendants have agreed to settle the lawsuit subject to the approval of the Court. Defendants have agreed to a settlement fund in the amount of $1,050,000.00, including attorneys' fees and costs. The Court has not decided who is right and who is wrong in this lawsuit. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **PARTICIPATE** | As described more fully below, to participate in the settlement, you must cash your settlement check within 60 days of the check date once you receive it. If you fail to cash your settlement check within 60 days of the check date, you will not receive any money from the settlement. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself from the lawsuit, you must follow the directions outlined in response to question 6 below. |
| **OBJECT** | You may also object to the settlement by writing the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement of New York Law claims unless you submit a valid and timely Request for Exclusion. You will not be bound by the settlement if you exclude yourself from the lawsuit. |

### 1. Why did I receive this notice?

You have received this notice because Zaro's records show that you worked at Zaro's during the relevant time period.

### 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Analisa Torres, United States District Court Judge for the Southern District of New York, is presiding over this class action.

### 3. Why is there a settlement?

Class Counsel, identified in paragraph 10 below, analyzed and evaluated the merits of the claims made against Defendants in the Litigation, reviewed documents and testimony in connection with the claims, engaged in motion practice, analyzed damages data for Plaintiffs and a significant sample of the putative Class Members, and evaluated Defendants' ability to pay a judgment. Based upon their analysis, Class Counsel entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiffs and Putative Class Members. All class members who submit a properly completed claim form, as described in paragraph 5 below, will receive a distribution of the settlement proceeds.

### 4.      Does it matter if there is no record of my hours?

You do not need to have a record of the hours you worked in order to participate in the lawsuit. You have a right to participate in this action even if you are an undocumented immigrant or if you were paid in cash.

### 5.      Can I be retaliated against for participating in the settlement?

It is against the law for Anjost Corp., Stuart D. Zaro, or Joseph Zaro to retaliate against you for participating in the lawsuit by, for example, firing you, lowering your wages, or reducing your hours.

### 6.      How are settlement amounts calculated?

Class Members who cash their settlement checks as described in paragraph 5 below, will receive their share of the Net Settlement Fund, as defined in the Settlement Agreement, according to the allocation formula set forth at Section 3.4 of the Settlement Agreement and summarized below.

- all current and former delivery and retail employees who worked for Zaro's from March 7, 2005 until the present will be allocated $20.00 from the Net Settlement Fund ("Uniform Claims").

- all current and former non-exempt employees (including delivery persons) who worked for Zaro's from March 7, 2005 until the present will be allocated $120.00 from the Net Settlement Fund ("Wage Statement and Spread of Hours Claims").

- all delivery persons who worked for Zaro's from March 7, 2005 until the present will receive an allocation from the Net Settlement Fund based on a formula determined by the Claims Administrator based upon how many workweeks the Class Member worked for Zaro's. For each workweek during which the Class Member worked for Zaro's, the Class Member will be allocated one (1) "point." Each "point" will entitle the Class Member to a proportional share of the available settlement pool remaining after distributions are made for the Uniform Claims and Wage Statement and Spread of Hours Claims ("Tipped Employee Claims").

All settlement payments will be subject to taxes and withholdings.

**Based on the allocation formula above, you are entitled to collect approximately $[individual class member share].**

| 7. | Procedures |
|----|-----------|

To be eligible for a distribution from the settlement fund, you must endorse and cash your settlement check by [60 days from mailing date]. Your signature on the settlement check will release your claims under the Fair Labor Standards Act. If you do not endorse and cash your settlement check by [60 days from mailing date], you will not be eligible to receive any monetary distribution.

If the Court grants final approval of the Settlement, this action will be dismissed and Class Members who do not opt out will fully release all New York Labor Law claims asserted in the case, even if they did not cash their settlement check. This means that you cannot sue, continue to sue, or be a party of any other lawsuit against Defendants regarding the New York Labor Law claims brought in this case. It also means that all of the Court's orders will apply to you and legally bind you.

| 8. | How Do I Exclude Myself From The Settlement? |
|----|-----------|

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case. If you intend to exclude yourself, you must mail a written, signed statement to the Clerk of the Court stating "I elect to exclude myself from the settlement in *Flores v. Anjost Corp.*" and include your name, address, and telephone number ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Clerk of the Court via First Class United States Mail, postage prepaid, and postmarked by [90 days from mailing date].

Clerk of Court
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

### 9.  What am I giving up by staying in the case?

Unless you exclude yourself, you will remain a Class Member.  That means you cannot sue, continue to sue, or be a party to any other lawsuit against Defendants for any New York State wage and hour claims that were or could have been brought in this lawsuit through the effective date of the settlement.

### 10.  If I exclude myself, can I get money from this settlement?

No.  If you exclude yourself, you will not receive any money from this settlement.

### 11.  What happens if I do nothing?

If you do nothing, you will not receive any money from this settlement, and you will be subject to all decisions and rulings from the Court.  If the Court approves the settlement, all of your New York Labor Law claims will be relinquished, however your FLSA claims will be preserved.

### 12.  Do I have a lawyer in this case?

You are represented by the following lawyers listed below.  They are called "Class Counsel." You may call Class Counsel if you have any questions about the settlement or participating in it.

Justin M. Swartz
Michael J. Scimone
Outten & Golden LLP
3 Park Avenue
29th Floor, New York, NY 10016
212-245-1000
jms@outtengolden.com
www.outtengolden.com

CK Lee
Lee Litigation Group
30 East 39th Street, 2nd Floor
New York, NY 10016
212-465-1188
cklee@leelitigation.com

### 13.  How will the lawyers be paid?

You will not be charged separately by Class Counsel.  Their fees are being paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.  Class Counsel will ask the Court to approve attorneys' fees plus litigation expenses and costs. The fees would pay Class Counsel for investigating the facts, litigating the lawsuit, and negotiating and overseeing the settlement. The Court will ultimately decide the amount that will be paid to Plaintiffs' and Class Members' attorneys for their services.

### 14.  How do I tell the Court that I do not like the settlement?

You can object to the settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims

under New York Law unless you have submitted a valid and timely request for exclusion. To object, you must send a letter stating, "I object to the settlement in *Flores v. Anjost Corp.*" Your statement must include all reasons for the objection and any supporting documentation, as well as your name, address, and telephone number. If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. You will not be allowed to present reasons for your objection at the fairness hearing that you did not describe in your written objection. Mail the objection to the Clerk of the Court via First-Class United States Mail, postage prepaid at the address below. Your objection will not be heard unless it is mailed to the Clerk of the Court via First Class United State Mail and postmarked by [90 days from mailing date].

Clerk of Court
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

The Clerk of the Court will file your objection statement. You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

### 15. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### 16. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at _____ on _____, 2013, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom _____. At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court may also decide Class Counsel's fees. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

### 17. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the Settlement Agreement by asking for a copy of the Settlement Agreement by writing to or calling:

Claims Administrator
[NAME]
[ADDRESS]
[ADDRESS]
[PHONE NUMBER]
