## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

FRANCISCO "DANIEL" FLORES,
CONSTANTINO "FERNANDEZ" HERNANDEZ,
ENRIQUE HERNANDEZ, VALERIANO
"FERNANDO" SALVADOR, and ALEJANDRO
JIMENEZ, on behalf of themselves and others
similarly situated,

                Plaintiffs,

    v.

ANJOST CORP. d/b/a ZARO'S BAKERY,
STUART D. ZARO, and JOSEPH ZARO,

                Defendants.

No. 11 Civ. 1531 (AT).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/14

---

### ORDER GRANTING PLAINTIFFS' MOTION FOR
### CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL
### OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA
### SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES
### AND SERVICE AWARDS

Plaintiffs Francisco "Daniel" Flores, Constantino "Fernandez" Hernandez, Enrique

Hernandez, Valeriano "Fernando" Salvador, and Alejandro Jimenez ("Plaintiffs") are current and

former employees of Anjost Corp., d/b/a Zaro's Bakery ("Zaro's") who worked as tipped

delivery workers.  On March 7, 2011, Plaintiffs Flores, Constantino Hernandez, Enrique

Hernandez, and Salvador filed the instant lawsuit alleging that Zaro's violated the Fair Labor

Standards Act ("FLSA") and the New York Labor Law ("NYLL") by improperly withholding

employee tips, paying tipped delivery workers the incorrect minimum wage and overtime rates,

and failing to pay the NYLL's spread-of-hours premium.  ECF No. 1.  Plaintiffs sought to certify

a collective action on their FLSA claims and class action on their NYLL claims pursuant to

Federal Rule of Civil Procedure 23 ("Rule 23").  On September 30, 2011, Plaintiffs filed an

amended class and collective action Complaint adding Alejandro Jimenez as a named Plaintiff. ECF No. 19.  Through their Amended Complaint, Plaintiffs sought unpaid overtime and minimum wages, spread-of-hours pay, disgorgement of withheld tips, attorneys' fees and costs, interest, liquidated damages, and injunctive relief.  *Id.* On January 26, 2012, Judge McMahon granted Plaintiffs' motion to file a Second Amended Complaint adding Joseph Zaro as a Defendant, expanding the spread-of-hours claims to cover all of Zaro's nonexempt employees, adding claims for cost of uniforms for all non-exempt Zaro's employees, and adding claims for invalid wage notices for all non-exempt Zaro's employees.  ECF No. 57.  The Court has ordered the parties' stipulation to Plaintiffs' filing a Third Amended Complaint ("Complaint") adding claims for invalid wage statements under NYLL § 195.1 on behalf of all Zaro's employees. ECF No. 209.

On November 1, 2011, the parties stipulated to distribute notice of this action pursuant to 29 U.S.C. § 216(b).  ECF No. 33.  Following distribution of the notice, 67 people opted in to the action.  On June 19, 2012, Judge Colleen McMahon granted in part Plaintiffs' motion for class certification, certifying three classes of employees for various claims.  ECF No. 70.  These included a Tipped Employee Class, a Spread of Hours and Wage Statement Class, and a Uniform Claims Class.  *Id.*  On July 24, 2012, Plaintiffs moved for partial summary judgment, which Judge Ronnie Abrams denied without prejudice.  ECF Nos. 72, 165.

After unsuccessful settlement conferences with the Magistrate Judge and months of direct negotiations among counsel, the parties agreed to attend private mediation.  Declaration of Justin M. Swartz in Supp. of Pls.' Mot. for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Swartz Decl.") ¶¶ 18-23.  The parties reached this $1,050,000 settlement after two mediation sessions under the supervision of

retired U.S. Magistrate Judge, Hon. Theodore Katz, now of JAMS. *Id.* ¶ 19. Thereafter, after further negotiations, the parties' agreement was memorialized in a formal settlement agreement ("Settlement Agreement"). *Id.* ¶ 23.

On August 14, 2013, this Court entered an Order preliminarily approving the settlement on behalf of the classes set forth therein (the "Classes" or the "Class Members"), conditionally certifying the settlement class for claims under NYLL § 195.1, appointing Outten & Golden LLP and Lee Litigation Group, PLLC as Class Counsel, and authorizing notice to all Class Members. ECF No. 195.

On September 24, 2013, a claims administrator sent Court-approved notices to all Class Members informing them of their rights under the settlement, Swartz Decl. Ex. C (Declaration of Mark Patton ("Patton Decl.")) ¶ 4, including the right to opt out or object to the settlement, and of Class Counsel's intention to seek attorneys' fees from the settlement fund. Swartz Decl. Ex. B (Class Notice). No Class Members objected to the settlement, and no Class Members have filed opt-out requests. *Id.* ¶ 7-8.

On December 20, 2013, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Motion for Final Approval"). The same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees ("Motion for Attorneys' Fees") and for Service Awards ("Motion for Service Awards"). Defendants took no position with respect to any of these motions and did not object to the requests for attorneys' fees or service payments.

The Court held a fairness hearing on January 23, 2014. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, the

Motion for Service Awards, and the supporting declarations, the oral argument presented at the

January 23, 2014 fairness hearing, and the complete record in this matter, for the reasons set

forth therein and stated on the record at the January 23, 2014 fairness hearing, and for good

cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**CERTIFICATION OF THE SETTLEMENT CLASS**

      1.      The Court certifies the following class under Federal Rule of Civil Procedure

23(e), for settlement purposes (the "Rule 23 Class Members"):

> all current and former non-exempt employees (including delivery persons)
> who were employed by Defendants in New York from March 7, 2005
> until the present.

      2.      Plaintiffs meet all of the requirements for class certification under Federal Rule of

Civil Procedure 23(a) and (b)(3).

      3.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are

approximately 648 Settlement Class Members and, thus, joinder is impracticable. *See Consol.*

*Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at

a level of 40 members.").

      4.      The proposed class also satisfies Federal Rule of Civil Procedure 23(a)(2), the

commonality requirement.  Plaintiffs and the Class Members share common issues of fact and

law, including whether Defendants failed to provide them with statutorily-required documents in

violation of state wage and hour laws. *See See Garcia v. Pancho Villa's of Huntington Vill., Inc.*,

281 F.R.D. 100, 106 (E.D.N.Y. 2011) (commonality satisfied where plaintiffs and class members

alleged that employer did not pay them properly and violated recordkeeping provisions).

5.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3), typicality, because Plaintiffs' claims arose from the same factual and legal circumstances that form the bases of the class members' claims. *See Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 616 (S.D.N.Y. 2012) ("Plaintiff's claims arose from the same factual and legal circumstances that form the bases of the Class Members' claims").

6.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that the Plaintiffs' and the class members' interests are at odds. *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *3 (S.D.N.Y. Oct. 2, 2013) (finding adequacy requirement met where there was no evidence that plaintiffs' and class members' interests were at odds); *Morris*, 859 F. Supp. 2d at 616 (same).

7.      In addition, Plaintiffs' Counsel is experienced and adequate to serve as Class Counsel. *See, e.g., Yuzary*, 2013 WL 5492998 at *3 (S.D.N.Y. Oct. 2, 2013) (finding both firms serving as Class Counsel here to be experienced and adequate to serve as Class Counsel); *Beckman v. KeyBank, N.A.*, 85 Fed. R. Serv. 3d 593 (S.D.N.Y. 2013), at *3 (noting Outten & Golden LLP and co-counsel "have substantial experience prosecuting and settling employment class actions, including wage and hour class actions[,] and are well-versed in wage and hour law and class action law," and finding both firms adequate class counsel) (internal quotation and citation omitted).

8.      Plaintiffs also satisfy Rule 23(b)(3). Plaintiffs' common factual allegations and a common legal theory – that Defendants violated state wage and hour laws by failing to provide proper statutorily-required notices – predominate over any factual or legal variations among class members. *See Yuzary*, 2013 WL 5492998, at *4 (common factual allegations and legal theory predominated over variations in wage and hour case); *Torres v. Gristede's Corp.*, No. 04 Civ.

3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (proof that defendants engaged in common employment practices predominated over any individual differences).

9.      Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually.  *See See Yuzary*, 2013 WL 5492998 at *4; *Beckman*, 2013 WL 1803736, at *3; *Morris*, 859 F. Supp. 2d at 617.  Concentrating the litigation in this Court is desirable because the allegedly wrongful conduct occurred within its jurisdiction.

## APPROVAL OF THE SETTLEMENT AGREEMENT

10.      The Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth in the Settlement Agreement and amended by the Stipulation and Order.

11.      Rule 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable, and adequate.  Fed. R. Civ. P. 23(e).  To determine procedural fairness, courts examine the negotiating process leading to the settlement.  *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001).  To determine substantive fairness, courts determine whether the settlement's terms are fair, adequate, and reasonable according to the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

12.      Courts examine procedural and substantive fairness in light of the "strong judicial policy favoring settlements" of class action suits.  *Wal-Mart Stores*, 396 F.3d at 116 (internal quotation and citation omitted); *see also In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007); *Spann v. AOL Time Warner, Inc.*, No. 02 Civ. 8238, 2005 WL 1330937, at *6 (S.D.N.Y. June 7, 2005).

13.      A "presumption of fairness, adequacy and reasonableness may attach to a class

settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores*, 396 F.3d at 116 (quoting *Manual for Complex Litigation, Third*, § 30.42 (1995)); *see also Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *3 (E.D.N.Y. Aug. 6, 2012); *D'Amato*, 236 F.3d at 85. "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 2007 WL 2230177, at *4; *see also In re Top Tankers, Inc. Sec. Litig.*, No. 06 Civ. 13761, 2008 WL 2944620, at *3 (S.D.N.Y. July 31, 2008); *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002).

### *Procedural Fairness*

14.     The settlement is procedurally fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328, at *4 (S.D.N.Y. Mar. 3, 2010).  The settlement was reached after the parties had conducted a thorough investigation and evaluated the claims and defenses, after extensive litigation and formal discovery, and after arm's-length negotiations between the parties.  Swartz Decl. ¶¶ 11-25; Declaration of C.K. Lee in Supp. of Pls.' Mot. for Final Approval ("Lee Decl.") ¶¶ 7-16.  These arm's-length negotiations involved counsel and a mediator well-versed in wage and hour law, raising a presumption that the settlement achieved meets the requirements of due process. *See Wal-Mart Stores*, 396 F.3d at 116; *Yuzary*, 2013 WL 5492998 at *5; *McMahon*, 2010 WL 2399328, at *4.

### *Substantive Fairness*

15.     The settlement is substantively fair.  All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action

settlement, weigh in favor of final approval.

16.     The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.  495 F.2d at 463.

17.     Litigation through trial would be complex, expensive and long.  Therefore, the first *Grinnell* factor weighs in favor of final approval.

18.     The class's reaction to the settlement was positive.  The Notice included an explanation of the allocation formula and an estimate of each Class Member's award after attorneys' fees.  The Notice also informed Class Members of their right to object to or exclude themselves from the Settlement and explained how to do so.  No Class Member objected to the settlement, and no Class Member opted out.  This favorable response demonstrates that the class approves of the settlement and supports final approval.  "The fact that the vast majority of class members neither objected nor opted out is a strong indication of fairness."  *See Yuzary*, 2013 WL 5492998 at *6 (granting final approval where eight class members of approximately 2000 opted out and none objected); *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *4 (E.D.N.Y. Feb. 18, 2011) (approving settlement where seven of 2,025 class member submitted timely objections and two requested exclusion); *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *5 (E.D.N.Y. Jan. 20, 2010) (the fact that no class members objected and two opted out demonstrated favorable response weighing in favor of final approval); *Wright v.*

*Stern*, 553 F. Supp. 2d 337, 344-45 (S.D.N.Y. 2008) ("[t]he fact that the vast majority of class members neither objected nor opted out is a strong indication" of fairness).

19.     The parties have completed ample discovery to recommend settlement. The pertinent question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004) (internal quotation marks omitted). Here, the parties have engaged in substantial discovery. Specifically, Plaintiffs' Counsel have reviewed thousands of pages of documents and have deposed two Rule 30(b)(6) deponents, the individual Defendants, and Zaro's officers. In addition, the Plaintiffs have reviewed and analyzed data sufficient to calculate damages, including information about the number of employee workweeks in the class period and class member compensation data. Plaintiffs have obtained sufficient discovery to weigh the strengths and weaknesses of their claims and to accurately estimate the damages at issue. The parties' participation in extensive mediations allowed them to further explore the claims and defenses. The third *Grinnell* factor weighs in favor of final approval.

20.     The risk of establishing liability and damages further weighs in favor of final approval. "Litigation inherently involves risks." *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997). Indeed, the primary purpose of settlement is to avoid the uncertainty of a trial on the merits. *See In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y. 1969); *see also Velez v. Majik Cleaning Serv., Inc.*, No. 03 Civ. 8698, 2007 WL 7232783, at *6 (S.D.N.Y. June 25, 2007). Here, Plaintiffs faced numerous risks as to both liability and damages, including overcoming Defendant's defenses, proving willfulness in order to obtain a third year of liability and damages, and facing a substantial risk of collection, among others. The proposed settlement eliminates this uncertainty. This factor therefore weighs in favor of final

approval.

21.     The risk of maintaining collective and class certification through trial is also present.  The Court has not certified the Rule 23 Class as to the wage notice claims yet and such a determination would be reached only after extensive briefing.   If the Court were to grant class certification, Defendants might seek to file an appeal under Federal Rule of Civil Procedure 23(f), the resolution of which would require an additional round of briefing.  In addition, Defendants would likely challenge the Court's determination that Plaintiffs may proceed on their FLSA claims on behalf of a collective by seeking decertification at a later date, after the close of discovery.   Settlement eliminates the risk, expense, and delay inherent in the litigation process. The fifth *Grinnell* factor weighs in favor of final approval.

22.     There is evidence here that Defendants could not withstand a greater judgment. Defendants obtained financing to pay the amount due under the settlement, and disclosed financial information to Class Counsel during settlement that demonstrated a substantial risk of collection.  Even if Defendants could have withstood a greater judgment, a "defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 178 n.9 (S.D.N.Y. 2000) (alterations and citation omitted)); *see also Yuzary*, 2013 WL 5492998 at *7.  Accordingly, this factor weighs strongly in favor of approving the settlement.

23.     The substantial amount of the settlement, in light of the best possible recovery and the attendant risks of litigation, weighs in favor of final approval.  The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian & German Bank*

*Holocaust Litig.*, 80 F. Supp. 2d at 178). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id.* (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). These factors also weigh in favor of final approval.

## APPROVAL OF THE FLSA SETTLEMENT

24.     The Court hereby approves the FLSA settlement.

25.     Because, under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date," *McKenna v. Champion Intern. Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), FLSA collective actions do not implicate the same due process concerns as Rule 23 actions. *McMahon*, 2010 WL 2399328, at *6. Accordingly, the standard for approval of an FLSA settlement is lower than for a class action under Rule 23.

26.     Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982); *Yuzary*, 2013 WL 5492998 at *7; *McMahon*, 2010 WL 2399328, at *6. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1353-54. If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved. *Id.* at 1354; *McMahon*, 2010 WL 2399328, at *6.

27.     In this case, the settlement was the result of arm's-length negotiations. Swartz Decl. ¶ 25. During the entire process, Plaintiffs and Defendants were represented by counsel experienced in wage and hour law. *Yuzary*, 2013 WL 5492998 at *8 (granting final approval where settlement was the result of arm's-length negotiation involving vigorous back and forth by

counsel experienced in wage and hour law).   Accordingly, the Settlement Agreement resolves a *bona fide* dispute under circumstances supporting a finding that is fair and reasonable.

## DISSEMINATION OF NOTICE

28.     Pursuant to the Preliminary Approval Order, the Notice was sent by first-class mail to each respective Class Member at his or her last known address (with re-mailing of returned Notices for which new addresses could be located).  The Court finds that the Notice fairly and adequately advised Class Members of the terms of the settlement, as well as the right to opt out of or to object to the settlement, and to appear at the fairness hearing conducted on January 23, 2014.  Class Members were provided with the best notice practicable under the circumstances.

29.     The Court further finds that the Notice and its distribution comported with all constitutional requirements, including those of due process.

30.     The Court confirms Settlement Services, Inc. as the claims administrator.

## AWARD OF FEES TO CLASS COUNSEL AND AWARD OF SERVICE AWARDS TO PLAINTIFFS

31.     On August 27, 2013, the Court appointed Outten & Golden LLP and Lee Litigation Group, PLLC as Class Counsel because they met all of the requirements of Federal Rule of Civil Procedure 23(g).  *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class.") (internal quotation marks omitted).

32.     Class Counsel are experienced employment lawyers with good reputations among

the employment law bar. *See Yuzary*, 2013 WL 5492998 at *3 (S.D.N.Y. Oct. 2, 2013) (finding

plaintiffs' counsel, including both Outten & Golden LLP and Lee Litigation Group, PLLC,

experienced and adequate to serve as Class Counsel); *Sewell v. Bovis Lend Lease, Inc.*, No. 09

Civ. 6548, 2012 WL 1320124, at *12 (S.D.N.Y. Apr. 16, 2012) (noting Outten & Golden LLP's

reputation as a "respected labor and employment firm" and that attorneys had "prosecuted and

favorably settled many employment law class actions, including wage and hour class actions");

*Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *2 (S.D.N.Y. Mar. 12,

2012) (appointing Outten & Golden LLP and co-counsel as Class Counsel based on their

experience in "numerous wage and hour class and collective actions").

33.     The work that Class Counsel has performed in litigating and settling this case

demonstrates their commitment to the class and to representing the class's interests.  Class

Counsel have committed substantial resources to prosecuting this case.

34.     The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class

Counsel $350,000, which is one third of the settlement fund.

35.     The trend in this Circuit is to use the percentage of the fund method to

compensate attorneys in common fund cases like this one.  *McDaniel v. County of Schenectady*,

595 F.3d 411, 417 (2d Cir. 2010); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121

(2d Cir. 2005); *Sewell*, 2012 WL 1320124, at *10; *Beckman*, 2013 WL 1803736, at *8.

36.     Although the Court has discretion to award attorneys' fees based on the lodestar

method or the percentage-of-recovery method, *McDaniel*, 595 F.3d at 417, in wage and hour

class action lawsuits, public policy favors a common fund attorneys' fee award, *Beckman*, 2013

WL 1803736, at *8; *McMahon*, 2010 WL 2399328, at *7.  Fee awards in wage and hour cases

are meant to "encourage members of the bar to provide legal services to those whose wage

claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010). The FLSA and state wage and hour statutes are remedial statutes, the purposes of which are served by adequately compensating attorneys who protect wage and hour rights. *McMahon*, 2010 WL 2399328, at *7; *Sand*, 2010 WL 69359, at *3.

37.     Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by "private attorneys general," attorneys who fill the private attorney general role must be adequately compensated for their efforts. *McMahon*, 2010 WL 2399328, at *7; *Sand*, 2010 WL 69359, at *3. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk. *Willix*, 2011 WL 754862, at *6; *Sand*, 2010 WL 69359, at *3 ("But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected."). Class Counsel's request for one third of the settlement fund is reasonable and "consistent with the norms of class litigation in this circuit." *McMahon*, 2010 WL 2399328, at *7; *see also Yuzary*, 2013 WL 5492998, at *10; *Tiro v. Public House Investments, LLC*, No. 11 Civ. 7679, 2013 WL 4830949, at *12, 16  (S.D.N.Y. Sept. 10, 2013) (awarding 33 1/3% of $1,300,000 fund in FLSA and NYLL case); *Beckham v. KeyBank N.A.*, No. 12 Civ. 7836, 2013 WL 1803736, at *8, 15 (S.D.N.Y. April, 29, 2013) (awarding 33 1/3% of $4,900,000 fund in FLSA and multi-state wage and hour case); *Aponte v. Comprehensive Health M'ment, Inc.*, No. 10 Civ. 4825, 2013 WL 1364147, at *6-7 (S.D.N.Y. April 2, 2013) (awarding 33 1/3% of $6,500,000 fund in FLSA and NYLL case); *Guaman v. Ajna-Bar NYC*, No. 12 Civ. 2987, 2013 WL 445896, at *7,9 (S.D.N.Y. Feb. 5, 2013) (awarding 33 1/3% of the fund in FLSA and NYLL case); *Capsolas v. Pasta Resources, Inc.*, 10-cv-5595, 2012 WL 4760910, at *8, 10 (S.D.N.Y. Oct. 5, 2012)

(awarding 33 1/3% of $5,250,000 fund in FLSA and NYLL case); *Diaz v. Eastern Locating Serv. Inc.*, No. 10-cv-04082, 2010 WL 5507912, at *7 (S.D.N.Y. Nov. 29, 2010) (awarding 33 1/3% of fund in FLSA and NYLL case).

38.     In addition, in Plaintiffs' retainer agreements with Class Counsel, Plaintiffs agreed that Class Counsel could apply to the Court for up to one third of a class-wide recovery and that they would pay Class Counsel one third of any individual recovery.  Declaration of Justin M. Swartz in Supp. of Pls.' Mot. for Approval of Attys' Fees and Pls.' Mot. for Approval of Service Awards ("Swartz Fees & Service Awards Decl.") ¶ 11.  This also provides support for Class Counsel's request for one third of the fund.

39.     No Class Member objected to Class Counsel's request for attorneys' fees, which also provides support for Class Counsel's fee request.

41.     A percentage-of-recovery fee award of one-third is consistent with the Second Circuit's decision in *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany,* where the Court held that a "presumptively reasonable fee" takes into account what a "reasonable, paying client" would pay. 522 F.3d 182, 191 (2d Cir. 2008).  An award of one third of the fund is consistent with what reasonable, paying clients pay in contingency employment cases.  While *Arbor Hill* is not controlling here because it does not address a common fund fee petition, it supports a one-third recovery in a case like this one where Class Counsel's fee entitlement is entirely contingent upon success.  *McMahon*, 2010 WL 2399328, at *8; *deMunecas v. Bold Food, LLC*, No. 09 Civ. 440, 2010 WL 3322580, at *9 (S.D.N.Y. Aug. 23, 2010).

42.     All of the factors in *Goldberger v. Integrated Resources, Inc.,* 209 F.3d 43, 48-49 (2d Cir. 2000) weigh in favor of the requested fee award.

15

43.     Applying the lodestar method as a "cross check," *see id.* at 50, the Court finds that the fee that Class Counsel seeks is reasonable and does not represent an exorbitant multiplier—indeed, there is no multiplier. *See Diaz,* 2010 WL 5507912, *8 (awarding attorney's fees where there was no multiplier); *see also Masters v. Wilhelmina Model Agency, Inc.,* 473 F.3d 423, 431, (2d Cir.2007); *In re Flag Telecom Holdings, Ltd. Securities Litigation,* No. 02 Civ. 3400, 2010 WL 4537550, at *26 (S.D.N.Y. Nov. 10, 2010).

44.     In wage and hour cases, Class Counsel are often called upon to perform work after the final approval hearing, including answering class member questions, answering questions from the claims administrator, and negotiating and sometimes litigating disagreements with defendants about administering the settlement and distributing the fund. *See* Swartz Fees & Service Awards Decl. ¶ 12. "The fact that Class Counsel's fee award will not only compensate them for time and effort already expended, but for time that they will be required to spend administering the settlement going forward, also supports their fee request." *See McMahon,* 2010 WL 2399328, at *8.

45.     The attorneys' fees shall be paid from the settlement fund.

46.     The Court finds reasonable service awards of $25,000 each to named Plaintiffs Francisco "Daniel" Flores, Constantino "Fernandez" Hernandez, Enrique Hernandez, Valeriano "Fernando" Salvador, and Alejandro Jimenez. *See Aponte,* 2013 WL 1364147, at *7-8 (awarding service awards to multiple named and opt-in plaintiffs). These amounts shall be paid from the settlement fund.

Service awards are common in class action cases and serve to "compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff[s]."

16

*Yuzary*, 2013 WL 5492998, at *12 (citing *McMahon*, 2011 4599822, at *9).  Service awards fulfill the important purpose of compensating plaintiffs for the time they spend and the risks they take.  *Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 5669, 2012 WL 5874655, at *8 (E.D.N.Y. Nov. 20, 2012).  The awards requested here are typical of service awards within the Second Circuit.  *See, e.g., Silverstein v. Alliance Bernstein LP*, No. 09 Civ. 5904, ECF No. 107, at 17 (granting service award of $25,000 to class representative in wage and hour class action settlement); *Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2012 WL 4760910, at *9 (S.D.N.Y. Oct. 5, 2012)  (granting service award of $20,000 to class representative in wage and hour class action settlement); *Matheson v. T-Bone Rest., LLC*, No. 09 Civ. 4214, 2011 WL 6268216, at *9 (S.D.N.Y. Dec. 13, 2011) (granting service award of $45,000 in wage and hour class action settlement and discussing cases); *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011) (granting service award of $30,000 in wage and hour class action settlement and listing cases); *Mentor*, 2010 WL 5129068, at *1-2 (approving $40,000 and $15,000 service awards in FLSA and NYLL wage and hour action); *Duchene*, 2009 WL 5841175 (approving service payments of $25,000 and $10,000 in wage and hour action).

47.     The "Effective Date" of the settlement shall be the date of this Order if no party appeals it.  If a party appeals this Order, the "Effective Date" of the settlement shall be the day after all appeals are finally resolved.  This Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

48.     Within ten (10) business days of this Order, the claims administrator shall distribute the funds in the settlement account by making the following payments in the order below:

A.     Paying the Claims Administrator one-half of the Claims Administrator's total fees;

        B.         Paying Class Counsel one third of the fund ($350,000);

        C.         Paying service awards of $25,000 each to named Plaintiffs Francisco "Daniel" Flores, Constantino "Fernandez" Hernandez, Enrique Hernandez, Valeriano "Fernando" Salvador, and Alejandro Jimenez;

        D.         Paying the remainder of the fund to class members in accordance with the allocation plan described in the Settlement Agreement.

49.     The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement, as amended, and overseeing the distribution of settlement funds.  The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

50.     Upon the Effective Date, this litigation shall be dismissed with prejudice, and all Settlement Class Members who have not excluded themselves from the settlement or who have opted in to the lawsuit shall be permanently enjoined from pursuing and/or seeking to reopen claims that have been released pursuant to the settlement.

It is so ORDERED this 28th day of ___January___, 2014.

_____
        Honorable Analisa Torres
        United States District Judge